OPINION
Defendant-appellant, Billie John Robinson, appeals from the decision of the Jefferson County Court of Common Pleas, which sentenced him to five years imprisonment following his guilty plea to one count of burglary.
Appellant was charged with one count of burglary, one count of safecracking, and one count of grand theft resulting from an incident where he broke into a home and stole over $24,000. Appellant entered into a plea agreement with plaintiff-appellee, the State of Ohio, whereby appellee dropped the safecracking and grand theft charges and appellant pled guilty to burglary. The trial court accepted appellant's guilty plea and ordered a pre-sentence investigation. On April 15, 1999, the trial court sentenced appellant to a five-year term of incarceration and ordered that he, along with his co-defendant, pay restitution to the victim in the amount of $24,000.
This court granted appellant's motion to file a delayed appeal, which he filed on July 18, 2000.
Appellant raises one assignment of error, which states:
 "THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN IMPOSING THE MAXIMUM SENTENCE OF INCARCERATION."
Appellant argues that the trial court erred in imposing the maximum possible sentence on him. He asserts that since he was a first-time offender, the court should have sentenced him to the minimum possible term of imprisonment. Appellant claims that none of the enumerated factors for the seriousness of the offense as set out in R.C. 2929.12(B) apply to him. He also claims that he is not at high risk for recidivism, as he does not meet many of the high-risk recidivism factors listed in R.C. 2929.12(D).
Appellant pled guilty to burglary in violation of R.C. 2911.12(A)(2), which is a felony of the second degree. R.C. 2911.12(C). According to R.C. 2929.14(A)(2), a second-degree felony carries with it a possible prison term of two, three, four, five, six, seven, or eight years.
Although appellant does not specifically set forth the grounds for his appeal, the essence of his argument is that his sentence is contrary to law. R.C. 2953.08(A)(4) provides for the appeal of a sentence which is contrary to law.
R.C. 2953.08(G)(2) provides:
 "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 "b) That the sentence is otherwise contrary to law."
The court, in imposing a prison sentence upon an offender who has never served a prison term, must impose the shortest term authorized absent a finding on the record that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public. R.C. 2929.14(B).
Appellant argues that the court erred because it imposed the maximum possible sentence on him. This argument is without merit because the court only imposed a five-year sentence on him when the maximum sentence for a second-degree felony is eight years. R.C. 2929.14(A)(2).
Although appellant had never served a prison term before, the trial court sentenced him to a prison term that is longer than the shortest term authorized. However, the court did specifically find in its judgment entry that "the shortest term possible will demean the seriousness of the offense and will not adequately protect the public." (Judgment Entry of April 15, 1999).
R.C. 2929.12(B) sets out several factors the court must consider which tend to indicate that the offender's conduct is more serious than that normally constituting the offense. Of the nine enumerated factors, one applies to appellant. If the victim suffered serious physical, psychological, or economic harm as a result of the offense, this indicates that the offender's conduct is more serious than that normally constituting the offense. R.C. 2929.12(B)(2). The court explained some of its reasons for imposing the five-year prison term on appellant. It stated in its judgment entry that appellant stole the victim's entire life savings and squandered it on "drugs, women and other good times." The court also stated that the financial impact on the victim was great because appellant stole the victim's entire life savings and the victim will probably never recover the money.
R.C. 2929.12(D) lists five factors for the court to consider which indicate that the offender is likely to commit future crimes. One of the factors applies to appellant. Appellant was previously adjudicated a delinquent, which indicates that he is likely to commit future crimes. R.C. 2929.12(D)(2).
The trial court stated that it considered the record, the oral statements, the victim impact statement and the pre-sentence report along with the principles and purposes of sentencing and the seriousness and recidivism factors. The court demonstrated that it considered the relevant statutory factors and it made the necessary finding for imposing a five-year sentence on appellant in its judgment entry. Accordingly, appellant's sole assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs
Waite, J., concurs